# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3849 | **DATE** | 2/19/2013 |
| **CASE TITLE** | Justin Haskett vs. Village of Frankfort, et al. | | |

**DOCKET ENTRY TEXT**

Defendant Village of Frankfort's Rule 12(b)(6) Motion to Dismiss Count I of Plaintiff's First Amended Complaint [10] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

    Before the Court is the Village of Frankfort's (the "Village") Motion to Dismiss Count I of Plaintiff Justin Haskett's ("Haskett") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

    Rule 8(a) requires that a complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must provide the defendant with fair notice of the claim and the grounds for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. In other words, a plaintiff's complaint "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted). The Court construes the complaint "in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [his] favor." Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., 657 F.3d 496, 502 (7th Cir. 2011) (internal quotation marks and citation omitted).

    In Count I, Haskett alleges a violation of 42 U.S.C. § 1983 against the Village. A municipality or other local government may be liable under § 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (citing Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 690 (1978)). To state a § 1983 Monell claim, a plaintiff must allege that: "(1) the City had an express policy that, when enforced, causes a constitutional deprivation; (2) the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority." McCormick v. City of Chi., 230 F.3d 319, 323-24 (7th Cir. 2000) (citing McTigue v. City of Chi., 60 F.3d 381, 382 (7th Cir. 1995)). "It doesn't matter what form the action of the

responsible authority that injures the plaintiff takes. It might be an ordinance, a regulation, an executive policy, or an executive act (such as firing the plaintiff). Gernetzke v. Kenosha Unified Sch. Dist. No. 1, 274 F.3d 464, 468 (7th Cir. 2001) (emphasis added); see also Mootye v. Dotson, 73 F. App'x 161, 171 (7th Cir. 2003) ("A municipality can be liable under Section 1983 only for acts taken pursuant to its official policy, statement, ordinance, regulation or decision, or pursuant to a municipal custom." (citing Monell, 436 U.S. at 690 (emphasis added)).

Haskett alleges that the Village violated his constitutional rights by enforcing a local Frankfort ordinance for public intoxication, that is, as an unconstitutional policy. According to Haskett, the ordinance violates the equal protection and due process clauses of both the United States and Illinois Constitutions; the First, Fourth and Twenty-First Amendments to the United States Constitution; and the search and seizure clause of the Illinois Constitution. The Village argues that Haskett fails to allege any facts to establish how the ordinance violates the United States Constitution or the Illinois Constitution. Haksett, however, need not put all of the essential facts in his complaint; and, may add any facts that could be proved consistent with the allegations in the complaint by filing a brief. See Hrubec v. Nat'l R.R. Passenger Corp., 981 F.2d 962, 963-64 (7th Cir. 1992) (citations omitted); see also Geinosky v. City of Chi., 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("[A] party opposing a Rule 12(b)(6) motion may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." (citations omitted)); Flying J Inc. v. City of New Haven, 549 F.3d 538, 542 n.1 (7th Cir. 2008) ("[R]ecognizing the early procedural stage of this case and the need to give the plaintiff the benefit of the broad Rule 12(b)(6) standard, the additional facts can be presented as long as they are consistent with the complaint." (citing Hrubec, 981 F.2d at 963-64)).

In his response brief, Haskett provides sufficient factual details to support his allegation that the ordinance is unconstitutional. Contrary to the Village's contention, Haskett provides fair notice of the Monell claim and the grounds for relief. "Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case." United States ex rel. Garst, 328 F.3d 374, 378 (7th Cir. 2003). Accordingly, the Village's motion is denied.

IT IS SO ORDERED.

2013 FEB 19 PM 4:59
CLERK
U.S. DISTRICT COURT